Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1701 | **DATE** | April 27, 2012 |
| **CASE TITLE** | CONTINENTAL CREDIT SYSTEMS, LLC v. APPLIED MERCHANT SYSTEMS WEST COAST, INC. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file an amended complaint [30] is GRANTED. Defendant's motion to dismiss the original complaint for lack of personal jurisdiction [16] is therefore DENIED AS MOOT, though Defendant may raise the 12(b)(2) defense in a later pleading if warranted.

## STATEMENT

Plaintiff Continental Credit Systems, LLC sued Defendant Applied Merchant Systems West Coast, Inc., seeking an injunction and damages stemming from allegedly tortious statements made by Defendant. AMS moved to dismiss the complaint for lack of personal jurisdiction. On my order, the parties submitted further briefing as well as affidavits to support the jurisdictional facts.

Plaintiff argues for specific personal jurisdiction under what has been called the "express aiming" doctrine in cases involving intentional torts, as this one is. In a recent opinion, the Seventh Circuit described the doctrine this way: "a defendant's intentional tort creates the requisite minimum contacts with a state only when the defendant expressly aims its actions at the state *with the knowledge that they would cause harm to the plaintiff there.*" *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex*, 623 F.3d 440, 445 (7th Cir. Ill. 2010) (emphasis added); *see also Tamburo v. Dworkin,* 601 F.3d 693, 703 (7th Cir. 2010) (finding personal jurisdiction attaches in intentional tort cases when there is "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt--that is, the plaintiff would be injured--in the forum state.")

The emphasized language above made for a close call here. I had ordered that Plaintiffs supplement the record to explain just how much they were "in Illinois." Plaintiffs claim that Illinois is their principal place of business and have submitted affidavits stating that their executives and offices are here in Illinois. This raises two issues. First, Plaintiff is an LLC, so it may not matter that they have significant offices and personnel here. In the Seventh Circuit, "the citizenship of an LLC . . . is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998). Plaintiff's sole member is an entity called "Goldleaf Investments, Inc.," a Delaware corporation with its principal place of business also in Delaware.

## STATEMENT

So it could be that no amount of offices and personnel could place them "in Illinois." Now, Plaintiffs contend that they do business as Spectra Payments, but that entity's principal place of business is in Tennessee. Though I have not decided the issue, it remains unclear to me that Plaintiff is in Illinois such that any harms from a tort could impact them here.

The second issue is this: even if Plaintiff can make its case that the Illinois offices somehow render them to be "in Illinois," whether Defendant subjectively *knew* that is also unclear. Particularly given how unclear Plaintiff's citizenship status is in the first instance, proving that Defendant knew them to be in Illinois is that much harder. Plaintiff has pointed to some meetings in Illinois that Defendant's representatives attended, but those meetings were attended not by representatives of Continental or of Spectra, but of yet another entity, "Abanco," the CEO of which purported to be an agent of Continental/Spectra. It is unclear how that would make Defendant aware that Plaintiff CCS was in Illinois.

Weighing in favor of "express aiming," Defendant - in conducting its alleged tortious contact - is claimed to have said that the Abanco CEO was the President of Continental/Spectra. In Plaintiff's view, this shows that Defendant must have presumed CCS was in Illinois. Additionally, Plaintiff surmises Defendant knowingly made calls (allegedly containing tortious statements about Plaintiff) to two businesses located in Illinois. However, there are significant factual issues surrounding whether these calls took place and what was said.

As the above discussion indicates, the present motion to dismiss presented a close question on the specific facts of this case. Further evidentiary and legal hearings would have been necessary to resolve the issues. I need not resolve them yet, however, because Plaintiff now seeks leave to file an amended complaint. The amended complaint may cure any possible jurisdiction defects. This is not to say that I have determined that such defects exist, but an amended complaint may take the issue off the table entirely.

It is axiomatic that leave to amend should be "freely given," *see* Fed. R. Civ. P. 15, particularly in a case so recently filed. Further, while I express no views on the ultimate merits of the allegations, the amended complaint does not appear to be futile or frivolous.

One other point bears mentioning. Defendant's counsel filed objections to the filing of an amended complaint, one of which tended to imply that this new complaint could stifle his personal jurisdiction defense. Just so it is clear, the current motion to dismiss is mooted, but Defendant may file a new 12(b)(2) motion if counsel feels one is still warranted from the amended complaint.